**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────────────

FRANK CRAWLEY,

                                Plaintiff,


        v.                                                No. 09-CV-44
                                                          (LEK/DRH)

MICHAEL HELAS; WILLIAM PHILLIPS;
T. COREY; and TYLER; all individually,

                                Defendants.

─────────────────────────────────────────────

**APPEARANCES:**                         **OF COUNSEL:**

FRANK CRAWLEY
Plaintiff Pro Se
820 Colgate Avenue
Apartment 14K
Bronx, New York 10473

HON. ANDREW M. CUOMO            RICHARD LOMBARDO, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**


**REPORT-RECOMMENDATION AND ORDER[1]**

        Plaintiff pro se Frank Crawley ("Crawley"), formerly an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brought this action while

he was incarcerated pursuant to 42 U.S.C. § 1983 alleging that defendants, four DOCS

─────────────────────

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

employees, violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 41(b) for Crawley's failure to (1) comply with the Court's discovery orders, (2) attend his deposition, and (3) prosecute the case.  Dkt No. 27.[2]  Crawley has failed to respond to the motion.  For the following reasons, it is recommended that defendants' motion be granted.


## I.  Failure to Respond

Crawley did not oppose defendants' motion.  "[J]udgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Defendants provided such notice in their Notice of Motion here.  Dkt. No. 27. [3]  Despite such notice, Crawley failed to respond.  Because Crawley has not responded to raise any question of material fact, the facts as set forth by defendants are accepted as true.  See Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)); see also N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party

---

[2] Defendants also included arguments seeking a court order compelling Crawley's compliance with discovery demands and seeking dismissal of the complaint on the merits. As discussed below, it is recommended herein that the complaint be dismissed for a failure to prosecute and, therefore,  those additional arguments need not be addressed.

[3] An order reminding Crawley of his obligation to respond and the consequences of failing to do so mailed to Crawley was returned by the United States Postal Service stamped "Return to Sender - Unclaimed - Unable to Forward."  Dkt. No. 31 at 3.

2

<u>does not specifically controvert.</u>") (emphasis in original).

## II. Background

On January 12, 2009, Crawley commenced this action while incarcerated at Clinton Correctional Facility.  Compl. ¶ 1.  Crawley contends that on January 15, 2008, while incarcerated at Willard Drug Treatment Campus, he was subjected to excessive force while being escorted back to his housing unit.  <u>Id.</u> ¶¶ 11-15.

As relevant to the pending motion, on October 23, 2009 this Court issued a discovery and scheduling order which required Crawley to provide defendants with discovery material. Lombardo Decl. (Dkt. No. 27-1) ¶¶ 5-6 (citing Dkt. No. 21(I)(A)(1)). Pursuant to the order, defendants were granted their request to depose Crawley. Lombardo Decl. ¶ 7 (citing Dkt. No. 21(I)(D)).  Within the order, Crawley was advised that any "failure of [Crawley's] to attend, be sworn and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Lombardo Decl. ¶ 7 (quoting Dkt. No. 21(I)(D)).

On October 28, 2009, Crawley was served with a notice that defendants would take his deposition on January 15, 2010.  Lombardo Decl. ¶ 8; <u>Id.</u>, Ex. A (Dkt. No. 27-3) at 2-3. The notice provided that if Crawley was still incarcerated, his deposition would occur at the correctional facility within which he was incarcerated, and that if he had been released, the deposition would be conducted at the Attorney General's Office in Albany, New York.  <u>Id.</u> ¶ 8; <u>Id.</u>, Ex. A at 2-3.  On December 24, 2009, Crawley was released from incarceration and left the address noted above as his permanent residence, in the Bronx.  <u>Id.</u> ¶ 9; <u>see also</u> LeClair Decl. (Dkt. No. 27-2) ¶¶ 3-4.

3

On December 30, 2009, counsel for defendants wrote Crawley a letter in which he advised him that failure to comply with defendants' discovery demands would result in judicial intervention and that he was scheduled for attendance at his court-ordered deposition on January 15, 2010.  Lombardo Decl. ¶ 10; Id., Ex. B (Dkt. No. 27-4) at 2-3. The letter was received by A. Crawley on January 19, 2010.  Id. ¶ 10; Id., Ex. B at 4.  On January 14, 2010, the day before the deposition was scheduled, Crawley's mother called to inform defense counsel that Crawley was in a crisis center for addiction treatment and was unable to attend his deposition.  Id. ¶ 11.  Crawley's deposition was adjourned until February 5, 2010 and Mrs. Crawley was also advised that Crawley also needed to request an extension to provide defendants with the requisite discovery material or else defendants would move for dismissal.  Id.  On January 14, 2010, a letter memorializing this conversation was sent to Crawley's above noted residence, which was received by A. Crawley on January 19, 2010.  Id. ¶ 12; Id., Ex. C (Dkt. No. 27-5).

On January 15, 2010, counsel for defendants attempted to contact Crowley at the crisis center.  Lombardo Decl. ¶ 13.  Staff did not confirm that Crawley was residing there, but a few minutes later Crawley contacted Lombardo.  Id. ¶¶ 13-14.  During the conversation, Crawley was directly informed that his deposition had been adjourned, he needed to seek an extension to provide defendants with the requested discovery demands, and if Crowley failed to either attend the deposition or send the discovery material, defendants would move to dismiss the case.  Id. ¶ 14.

On January 27, 2010, Crawley filed a request for an extension to provide defendants with the requisite discovery demands.  Lombardo Decl. ¶ 15.  While the request was granted, to date Crawley has failed to provide defendants with discovery

4

material.  Id.  ¶¶ 15, 17.  Crawley also failed to attend his deposition.  Id.  ¶ 16.  This

motion followed.

### III. Discussion

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action based upon the

failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a

change of address.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Simmons v.

Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court also has the power under

Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating

the noncompliance as a failure to prosecute.") (citations omitted); MTV Networks v. Lane,

998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b).  Since a Rule

41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances."

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, where the plaintiff is pro se,

"courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'"  Spencer

v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).  To determine whether

dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice
> that further delays would result in dismissal; 3) whether the defendant is
> likely to be prejudiced by further delay; 4) a balancing of the need to alleviate
> court calendar congestion with a party's right to due process; and 5) the
> efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869,

872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

In this case, Crawley's failures have been ongoing and in the face of multiple

conversations with opposing counsel and court orders directing him to comply.  Crawley was advised of the pendency of his deposition, the importance of his attendance, and the importance with which he needed to provide discovery material by opposing counsel on multiple occasions.  Specifically, counsel spoke with Crawley's mother on January 14, 2010 and Crawley himself on January 15, 2010.  Lombardo Decl. ¶¶ 11-14.  Crawley has also received judicial notice that further failures could result in dismissal.  In particular, For example, in the order filed October 23, 2009 the Court advised Crawley that his failure to attend and answer the questions at a deposition could result in sanctions, including dismissal of the case.  Docket Nos. 21.  Crawley was thus on notice that his continued failures could result in dismissal of the action.

Additionally, it is unclear where Crawley is now located and whether he has received the most recent correspondence sent to and from the Court for the present motion for dismissal.  See Dkt. No. 31 & n.3 supra.  Moreover, Crawley has failed to have any contact with opposing counsel or the Court for over five months.  The duration of Crawley's failure is substantial and no end to the inaction appears in sight.  See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").  Furthermore, it is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case.  See Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.).  Crawley has failed in both regards.

The prejudice to defendants from Crawley's continued failures results primarily from the inability of defendants to obtain discovery from Crawley through both document discovery and a deposition to determine the bases of his claims against them.

Defendants are also prejudiced in their constant need to research and file correspondence and motions to address Crawley's persistent failures. To a lesser extent, it also includes the costs incurred by defendants in attending the deposition.

The need to alleviate court calendar congestion weighs against dismissal based upon the age of this case. This case, which is not unduly complex, has been pending for seventeen months. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions). Thus, this action has not been pending longer than the guideline for completion, and militates against dismissal. However, as discussed above, Crawley's failures in this case have been numerous and the delay will presumably continue indefinitely. Crawley has failed to have any contact with opposing counsel or the Court for over five months and waiting two more months before deciding the motion to be past the district guidelines seem unreasonable in light of Crawley's extensive warnings, court orders, and notices for deposition for which he has been non-compliant.

With this delay must also be balanced Crawley's right to due process. Crawley's right to due process has been scrupulously honored here. He has received two opportunities to give the deposition which he is obliged to give. Lombardo Decl. ¶ 8; Id., Ex. A at 2-3. His first cancellation was excused and a second opportunity was provided, to which he failed to appear or notify defendants of his intentions not to attend. Lombardo Decl. ¶¶ 11, 14. Additionally, Crawley, or his mother, spoke with opposing counsel on multiple occasions and were provided with explicit information on what Crawley's obligations were. Id. ¶¶ 12, 14; Id., Ex. C. Despite the multiple telephone calls and letters, which were received, Crawley has still failed to participate meaningfully in

discovery.  Thus, in these circumstances, the balance of these factors weighs in favor of
the need to alleviate court congestion.

      Against this must be balanced the efficacy of lesser sanctions than dismissal.
Courts have "broad discretion to enforce discovery obligations and may, in appropriate
circumstances, use the extreme sanction of a default judgment . . . ."  United States v.
Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted); Fed. R. Civ. P. 37(d).  As
discussed supra, Crawley received adequate notice concerning the consequences of his
failures and, thus, the only question that remains is whether the sanction of dismissal is
appropriate.  First, Crawley has continually failed to comply with court orders.  As
previously discussed, two compulsion orders were entered against him.  Docket Nos. 21,
30.  This clearly had no impact on Crawley's determination not to cooperate as he
blatantly disregarded the orders.  See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d
759, 763-65 (2d Cir. 1990) (affirming dismissal of an action for pro se plaintiff's failure to
appear at the deposition).  Crawley was also informed by defense counsel multiple times,
in both direct conversation and via written communication, that the consequence of his
actions in failing to appear at the deposition or provide discovery material would be a
motion to dismiss.

      The efficacy of lesser sanctions is diminished here by the fact that Crawley has
been warned by defense counsel multiple times and ordered to comply with the deposition
two times and ignored each warning and every directive.  Moreover, lesser sanctions are
insufficient to address the prejudice to defendants.  Monetary sanctions to compensate
defendants for their costs of the deposition would be empty gestures in light of Crawley's
in forma pauperis status.  Allowing adverse inferences against Crawley from his refusal to

be deposed still would not replace for defendants the information they need from Crawley to defend the claims.  Precluding Crawley from testifying at trial would be tantamount here to dismissal since Crawley likely could not surmount a motion for a directed verdict without his own testimony.  In these circumstances, then, only dismissal remains as a viable means of addressing Crawley's conduct and the prejudice to defendants.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Crawley's repeated and ongoing failures to fulfill his obligations to cooperate in discovery.  Crawley has been given repeated opportunities to fulfill those obligations and to be deposed.  He has regularly failed to do so.  No meaningful alternative but dismissal is left.

Accordingly, defendants' motion for dismissal pursuant to Fed. R. Civ. P. 41 should be granted.

## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss  (Dkt No. 27) be **GRANTED** and that this action be **DISMISSED** in its entirety as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: May 25, 2010
      Albany, New York

_____

United States Magistrate Judge